■ JOSEPH FUTIA, Respondent, v. JOSEPH L. KOREN et al., Appellants.— *Per Curiam*. Appeal by defendants from an order of the Supreme Court at Special Term which granted plaintiff's motion for an order to compel defendants to accept a bill of particulars in a negligence action. The accident which gave rise to the action occurred on July 18, 1963. The action was commenced by service of a summons, dated July 22, 1963, without a complaint. Following a motion and the entry of a conditional order of dismissal, the complaint was served on April 3, 1964. After service of defendants' answer and demand for bill of particulars, and failure of compliance with the demand, a motion to preclude was made and the court granted a 30-day preclusion order pursuant to which the bill of particulars was required to be served on or before July 28, 1964. Service was made or tendered on August 18, 1964. Before that time, plaintiff's attorney had telephoned the office of defendants' attorneys and requested permission to make late service but was informed that the attorney in charge of the case was on vacation and permission could be granted only by him. On the latter's return, he consulted

his client, a liability insurance carrier, and was directed to stand on the preclusion order, and accordingly the bill of particulars was rejected and returned with a letter of transmittal dated September 3, 1964. Although plaintiff now seems to assert a misunderstanding, there was no further action and no communication between the attorneys for over three years, when plaintiff's attorney, on September 6, 1967, telephoned defendants' attorneys in regard to the matter. We find in the record no reasonable basis for the statement in Special Term's memorandum decision that "it is apparent that a misunderstanding existed between the attorneys for the parties as to whether or not extensions of time within which to serve the subject bill were granted." Plaintiff's attorney's affidavit avers that, before the due date, "he spoke to a member of defendants' firm to secure an extension because your deponent would be out of the State." He does not allege that the extension was granted but states "that he cannot clearly recall to whom he spoke or the exact date of said conversation." The affidavits of all of the partners and associates in defendants' attorneys' firm, averring that no extension was granted, are in no way contradicted nor does plaintiff's attorney give any reason either for his failure to react to the defendants' attorneys' letter of September 3, 1964 by then asserting that service was timely and pursuant to an extension, or for his complete inaction for the ensuing three years. The order appealed from was granted contrary to the clearly expressed rule, policy and practice obtaining in this Department and in the other Departments as well and constituted an improvident exercise of discretion. (See, e.g., *Paris* v. *Poticha,* 1 A D 2d 277 [3d Dept., 1956]; *Lehmann* v. *Johnson, Drake & Piper of Vietnam,* 19 A D 2d 913 [3d Dept., 1963]; *Harrington* v. *Kaufman,* 5 A D 2d 195 [1st Dept., 1958]; *Pensavalle* v. *Vivona,* 25 A D 2d 447, 448 [2d Dept., 1966; *Goldstein* v. *Wickett,* 3 A D 2d 135 [4th Dept., 1957].) Order reversed, on the law and the facts and in the exercise of discretion, and motion denied, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*